```
             UNITED STATES DISTRICT COURT
                      FOR THE
                DISTRICT OF VERMONT
```

David A. Lefebvre,            :
          Plaintiff,          :
                              :
    v.                        :      File No. 1:05-CV-255
                              :
Jo Anne B. Barnhart, as       :
Commissioner of Social        :
Security Administration,      :
          Defendant.          :

<u>ORDER</u>
(Papers 63 and 74)

Plaintiff David Lefebvre, proceeding *pro se*, brings this action claiming employment discrimination by the Social Security Administration ("SSA"). The parties recently engaged in the required Early Neutral Evaluation ("ENE") process. As a result of the ENE session, Lefebvre has moved for a remedy for the SSA's alleged noncompliance with the ENE rules (Paper 63). Lefebvre has also moved to disqualify the United States Attorney's office from representing the SSA (Paper 74). For the reasons set forth below, these motions are DENIED.

Lefebvre's first motion (Paper 63) is brought pursuant to Local Rule 16.3(i)(5), which states: "Any party who believes that another party or parties has not complied in good faith with this rule may file a motion to that effect with the court." The basis for the motion is Lefebvre's contention that the SSA, through its own agents and through supervising counsel at the U.S. Attorney's office, did not allow the

attorney present at the ENE to have the settlement authority required under Local Rule 16.3(g)(2).

In response to the motion, both the representing Assistant U.S. Attorney and her supervisor have submitted affidavits explaining their respective roles in the ENE process.  In sum, the attorney who was present at the ENE had authority to enter into a settlement within the parameters approved by her supervisor and the SSA.  In the event that "new information or arguments [came] to light that would alter the assessment of the settlement value of the case," an attorney for the SSA was available for consultation.  (Paper 70, Ross Aff., at 1).  This arrangement was in compliance with Local Rule 16.3(g)(2).

Lefebvre claims that because counsel's settlement authority was pre-determined, the ENE was not entered into in good faith.  Counsel's affidavit, however, makes clear that she had the ability to consult with the agency if, in her judgment, Lefebvre's presentation required altering the agency's assessment of the case.  It also is clear that counsel had the power to enter into a settlement at the ENE and to bring the case to a close.  The ENE Evaluator's report confirms that counsel had settlement and stipulation authority, and that both parties participated in the ENE

process in good faith.  Lefebvre's motion for a remedy for noncompliance (Paper 63) is, therefore, DENIED.[1]

Lefebvre's next motion (Paper 74) argues that the U.S. Attorney's office has a conflict of interest.  His claim is that the U.S. Attorney's office is responsible for ensuring that discrimination does not occur in federal agencies, while at the same time defending those agencies when they are sued for discrimination.  Lefebvre's concern is that if discovery reveals discrimination by a federal agency, the U.S. Attorney's office cannot "honor the federal initiative to ensure discrimination is not taking place and honor a lawyer client relationship."  (Paper 74 at 2).  He also asserts that providing government agencies with free legal assistance discourages would-be plaintiffs from bringing their claims. Id.

Congress has authorized the Department of Justice to represent federal agencies in pending lawsuits.  28 U.S.C. § 516.  To the extent that this authorization may create conflicts of interest, it is an issue for Congress, and not the Court, to address.  Assuming Lefebvre's claims are valid, the issues he raises are a potential problem in nearly every discrimination case brought against the federal government.

---

[1] Lefebvre's request for a chambers conference on this issue is also denied.

Because the Justice Department's authorization comes from Congress, and given the potentially broad impact of disqualifying the Justice Department from discrimination cases generally, the question of whether the Justice Department may continue to represent federal agencies is a matter of public policy, and best suited for legislative, rather than judicial, action.  The motion to remove the United States Attorney's office (Paper 74) as counsel in this case is DENIED.

   SO ORDERED.

   Dated at Brattleboro, in the District of Vermont, this 30th day of January, 2007.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge