```
                 UNITED STATES DISTRICT COURT
                          FOR THE
                    DISTRICT OF VERMONT
```

David A. Lefebvre,              :
          Plaintiff,            :
                                :
    v.                          :     File No. 1:05-CV-255
                                :
Michael J. Astrue, as           :
Commissioner of Social          :
Security Administration,        :
          Defendant.            :

<u>ORDER</u>
(Papers 86, 93, 94, 99 and 101)

Plaintiff David A. Lefebvre, proceeding *pro se*, brings this action claiming that while he was employed by the Social Security Administration ("SSA") he was discriminated against on the basis of his disabilities.  Currently pending before the Court are Lefebvre's motion for reconsideration of a prior order (Paper 86), motion to compel (Paper 93), and motion to appoint counsel (Paper 94).  The SSA has moved for an extension of time to depose a doctor named by Lefebvre as a fact witness (Paper 99), and for modification of the discovery schedule (Paper 101).[1]

The Court first turns to Lefebvre's motion for reconsideration.  In a previous motion, Lefebvre claimed that the U.S. Attorney's office should be disqualified due to a

---

[1] Papers 99 and 101 are a single document containing two motions, and have therefore been docketed with two paper numbers.

conflict of interest.  As the Court noted in its prior order, "[Lefebvre's] claim is that the U.S. Attorney's office is responsible for ensuring that discrimination does not occur in federal agencies, while at the same time defending those agencies when they are sued for discrimination." (Paper 76 at 3).  Because Congress has authorized the Department of Justice to represent federal agencies in pending lawsuits, 28 U.S.C. § 516, the Court ruled that the potential for conflict must be addressed by Congress, and not the Court.  Id.

In his motion for reconsideration, Lefebvre argues that the Court "erred in failing to conduct [an] adequate inquiry." (Paper 86 at 2).  In support of his argument, Lefebvre cites cases for the proposition that a district court must adequately address allegations of conflict of interest.  Id. at 1 (citing United States v. Gallegos, 108 F.3d 1272 (10th Cir. 1997); see also id. at 2 (citing State v. Velarde, 806 P.2d 1190 (Utah App. 1991)).  In those cases, however, criminal defendants alleged specific conflict claims with respect to their defense attorneys.  In such cases, an inquiry is required because "the assistance of counsel [in a criminal case] is among those 'constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error.'"  Holloway v. Arkansas, 435 U.S. 475, 489 (1978) (quoting Chapman v. California, 386 U.S. 18, 23 (1967)).

This case is clearly different from the cited cases. Here, Lefebvre makes a general claim that the U.S. Attorney has a potential conflict of interest in all civil discrimination cases.  As the Court explained previously, the U.S. Attorney is authorized by Congress to defend suits against federal agencies, and it is not the job of this Court to conduct inquiries or investigations into the conflicts such authorization might create.  The motion for reconsideration (Paper 86) is GRANTED, and having reconsidered its prior ruling, the decision to deny Lefebvre's motion to disqualify the U.S. Attorney's office is AFFIRMED.

The next pending motion is Lefebvre's motion to compel documents that were allegedly "missing" from an SSA response to his document request.  (Paper 93 at 1).  Lefebvre claims that these documents included communications among SSA personnel about his job performance, possible reassignment, and an investigative report.  The government opposes the motion, claiming that Lefebvre did not attempt to resolve the matter informally, as required by the Local Rules, prior to bringing his motion.

In the event of a discovery dispute, Local Rule 26.1 requires a party seeking discovery to confer with opposing counsel in a good faith effort to resolve the dispute.  If that conference is unsuccessful, the moving party must submit

an affidavit certifying that the conference took place.  L.R. 26.1(d)(2)(B)(i)-(iii).  Lefebvre's motion contains no such affidavit.  Indeed, when she received his motion, counsel for the SSA wrote to Lefebvre, explained the government's position, and provided some additional discovery.  (Paper 104-2).  In light of the government's revised response, it is not clear that a dispute still exists.  In any event, Lefebvre's motion (Paper 93) does not comply with the Local Rule, and is therefore DENIED.

Lefebvre has also moved for appointment of counsel.  Lefebvre has been denied court-appointed counsel previously, with leave to re-file at a later date.  Lefebvre makes his request under Title VII of the Civil Rights Act of 1964 and the Rehabilitation Act of 1973.  These statutes were referenced by EEOC staff in a letter to Lefebvre denying his request for reconsideration of an EEOC appeal.  (Paper 94-3).

Title VII states that "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for the complainant . . . ."  42 U.S.C. § 2000e-5.  The Rehabilitation Act allows for the application of "[t]he remedies, procedures, and rights set forth" in Title VII, including the right to request court-appointed counsel.  29 U.S.C. § 794a(a)(1).  The standard for determining whether to appoint counsel is the same standard

applied by this Court with respect to Lefebvre's prior requests for counsel.  See, e.g., Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989).

As the Court has explained previously, courts may not appoint counsel without first assessing whether the plaintiff's claims are likely to be of substance.  See Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997); Cooper, 877 F.2d at 172.  If a court finds sufficient merit in the plaintiff's claims, it must also consider (1) his ability to investigate the crucial facts; (2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (3) the plaintiff's ability to present the case; (4) the complexity of the legal issues; and (5) any other special reason in the case why appointment of counsel would be more likely to lead to a just determination.  Hendricks, 114 F.3d at 392.

In this case, it is difficult for the Court to evaluate the merits of Lefebvre's claims.  Although discovery in the case appears to be progressing, the Court does not have before it substantive arguments on the merits from either side.  See Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 205 (2d Cir. 2003) ("Absent either evidence or more detailed allegations, [plaintiff] failed to demonstrate that her claim had sufficient merit to warrant appointment of counsel.").

Moreover, as the Court noted in its prior orders, Lefebvre brought many of these same claims unsuccessfully before the EEOC.  Notwithstanding Lefebvre's current claim that the EEOC hearing process is flawed, the results at the administrative level make it difficult for the Court to find, at this stage in the case, merit sufficient to support the appointment of counsel.  See Hodge v. Police Officers, 802 F.2d 58, 606-61 (consideration of merits is a "threshold matter"); Ferrelli, 323 F.3d at 204 (district judge should determine whether litigant's "'position is likely to be of substance.'") (quoting Hodge, 802 F.2d at 60-61).

Furthermore, the Court's previous conclusions on this issue still apply:

> In this case, it is not clear whether the defendants will be contesting Lefebvre's factual claims.  As a result, it is not clear that cross-examination will play a significant role in the presentation of facts.  Lefebvre informs the Court that he has "learning issues," but has nonetheless shown an ability to present his claims, both legal and factual, in a timely and thorough manner.  If, at some point in the future, Lefebvre believes that the complexities of the case are such that he cannot proceed *pro se*, and that he satisfies the other criteria set forth above, he may file a motion for appointment for the Court's consideration.

(Paper 40 at 10).  In his most recent motion for appointment of counsel, Lefebvre suggests that legal complexity is a concern for him.  He claims that he has obtained "very material" information through discovery, but that this

6

information "has him left with a what to do next question that a lawyer would be best suited to address.  Many issues that are known dead ends to the trained lawyer is [sic] a constant drain on the health of the pro se plaintiff who is exploring every avenue."  (Paper 94-1 at 4).

In general, disability discrimination claims are not viewed as overly complex.  See, e.g., Halpert v. Manhattan Apartments, 2005 WL 757085, at *2 (S.D.N.Y. Apr. 1, 2005) (declining to appoint counsel in case claiming age and disability-based discrimination); Russell v. Jaffe, 2000 WL 92344, at *1 (S.D.N.Y. Jan. 27, 2000).  In light of this prevailing case law, and given the Court's inability to find that Lefebvre's "position is likely to be of substance," Hodge, 802 F.2d at 60-61, the motion for appointment of counsel (Paper 94) is DENIED at this time.

Also pending before the Court are two SSA motions regarding the discovery schedule.  According to the current discovery schedule, all depositions were to be completed by March 30, 2007.  (Paper 85, Minute Entry).  Lefebvre deposed three witnesses on March 6, 2007, and on or about March 14, 2007 notified the SSA that he was substituting Dr. Robert Primeau for another physician as a fact witness.  Because the SSA was notified of this substitution only two weeks prior to the close of discovery, it now moves for leave to depose Dr.

Primeau outside of the March 30, 2007 deadline.  The SSA also asks that the time for filing dispositive motions be extended to June 15, 2007.

Lefebvre has no objection to the motion, so long as he is allowed to "interview" five SSA witnesses during the extended discovery period.  "One hour taped telephone conference calls would seem to be the most efficient way to hold these interviews."  (Paper 103 at 3).  In reply, the SSA objects to Lefebvre's attempt to "use his own late disclosure of Dr. Primeau as an opportunity to conduct significant additional discovery that should have been completed before."  (Paper 108 at 2).

Despite its procedural objection, the SSA has not identified any prejudice that would result from Lefebvre's additional questioning of witnesses.  Therefore, the period for taking depositions is extended to May 25, 2007.  The SSA's motion for an extension of time (Paper 99) is GRANTED, and the extension applies to both sides.  As the Court has ruled previously, depositions of SSA employees may be tape recorded.

The SSA's motion for modification of the discovery schedule (Paper 101) is also GRANTED.  Dispositive motions shall be filed on or before June 29, 2007.  The case shall be ready for trial by September 4, 2007.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 26th day of April, 2007.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge